WO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA


AUSTIN KOVAL,                           )
                                        )
                    Plaintiff,          )
                                        )
            vs.                         )
                                        )
UNITED STATES OF AMERICA,               )
                                        )       No. 2:13-cv-1630-HRH
                    Defendant.          )
_____)

O R D E R

Motion to Transfer Venue

Defendant moves to transfer this case to the Eastern District of California.[1]  This

motion is opposed.[2]  Oral argument was not requested and is not deemed necessary.

Background

Plaintiff is Austin Koval.  Defendant is the United States of America.

Plaintiff, who now resides in Arizona, was "a federal police officer at a military base

of the Defense Logistics Agency ("DLA") in Tracy, California, operated by the

_____

[1]Docket No. 11.

[2]Docket No. 12.

Defendant....["][3]  Plaintiff alleges that on November 15, 2010, as he was preparing to leave for vacation, he was called back to the base to sign paperwork.[4]  Plaintiff further alleges that once he arrived at the base, he was told by Chief Walter Murken that his employment was being terminated.[5]  Plaintiff alleges that "DLA Police Sergeant Kurt Christensen ... then advised [him that] he could not leave, make any telephone calls, or speak with anyone."[6]  Plaintiff further alleges that Murken had Christiansen search his person and DLA Officer Manning search his car.[7]  Plaintiff alleges that he was detained in Murken's office for three hours and that during that time, DLA investigators Viera and Stowers interrogated him.[8]  Plaintiff alleges that Murken asked DLA Officer Gates to assist but that "Gates refused to participate in the unlawful conduct[.]"[9]  Plaintiff alleges that "[w]hen [he] was eventually allowed to leave, he was issued several criminal citations involving firearms."[10]  Plaintiff further alleges that "[t]he citations were without legal basis and as a result of having no

---

[3]Complaint at 1-2, ¶ 2, Docket No. 1.

[4]Id. at 4, ¶¶ 8-10.

[5]Id. at ¶ 17.

[6]Id. at 5, ¶ 18.

[7]Id. at ¶¶ 23 & 25.

[8]Id. at 5, ¶ 26 & 6, ¶ 32.

[9]Id. at 6, ¶¶ 36-37.

[10]Id. at ¶ 38.

legal basis[,] they were dismissed by the United State[s] District Court in Sacramento, California."[11]  Plaintiff alleges that he was subjected to the foregoing conduct because he 1) "made[] a complaint against the DLA chief and certain DLA officers and investigators for failing to issue citations against certain government employees who were friends with the chief and investigators;" 2) made "a complaint regarding a training officer harassing [p]laintiff;" and 3) made a complaint "to a union representative about practices at the Tracy facility[.]"[12]

On August 9, 2013, plaintiff commenced this Federal Tort Claims action.  Plaintiff asserts four claims in his complaint:  1) false arrest under California law, 2) false imprisonment under California law, 3) malicious prosecution under California law, and 4) abuse of process under California law.[13]

Defendant now moves to transfer plaintiff's complaint to the Eastern District of California.

<u>Discussion</u>

A district court may transfer a civil action to any other district or division where the

---

[11]<u>Id.</u> at ¶ 39.

[12]<u>Id.</u> at 2-3,  ¶ 3.

[13]The liability of the United States under the FTCA is determined in accordance with the law of the state where the alleged acts or omissions occurred.  <u>Miller v. United States</u>, 945 F.2d 1464, 1466 (9th Cir. 1991).

action might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a).  "The statute has two requirements on its face: (1) that the district to which defendant[] seek[s] to have the action transferred is one in which the action 'might have been brought,' and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice."  Amazon.com v. Cendant Corp., 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005) (quoting 28 U.S.C. § 1404(a)).

As for the first requirement, an FTCA action "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).  The acts complained of took place in San Joaquin County, California. Thus, the Eastern District of California is a district where the action might have been brought.

To determine whether the second requirement for a transfer under Section 1404(a) has been met, the court must "weigh multiple factors...."  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).  In addition to considering the convenience to the parties and witnesses, the court may consider

> (1) the location where the relevant agreements were negotiated and executed,[14] (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums,

---

[14]This factor has no application in this case.

(7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Id. at 498-99. " [F]orum non conveniens considerations" might also be "helpful in deciding a § 1404 transfer motion." Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). Forum non conveniens factors that may be relevant here include "the administrative difficulties flowing from court congestion [and] the local interest in having localized controversies decided at home[.]" Id. (citations omitted).

Convenience of the parties. This factor weighs slightly against transfer. If this case remains in Arizona, it is likely that counsel for both parties will have to travel to California for depositions. But, it would be more convenient for plaintiff if this case were tried in Arizona as that is where he and his counsel are located. Defendant has counsel available in both the District of Arizona and the Eastern District of California, so it would not inconvenience defendant if this matter were tried in Arizona, rather than California.

Convenience of the witnesses. The parties agree that the DLA employees named in plaintiff's complaint are likely to be witnesses in this case. But, despite plaintiff's contention to the contrary, these are not the only potential witnesses in this case. Defendant has identified ten employees of the Tracy Police Department who are likely to be witnesses in connection with defendant's defense, which is based in part on a contention that "[p]laintiff misused a government vehicle and made frequent, unauthorized responses

to Tracy, California Police Department calls[.]"[15] Major Stefan R. Wolfe, who "coorindate[s]

witness availability for Army witnesses involved in civil litigation in the 9th, 10th and

District of Columbia Circuits," avers that all of these individuals reside in California.[16]

Because all of the witnesses reside in California, litigating this case in California will be

more convenient for the witnesses as they will not have to travel as far and loose as much

time from work when attending depositions and trial.

Plaintiff's contention that depositions could be taken in California even if this case

is not transferred and that witnesses could testify at the trial via video-conferencing,

thereby eliminating any inconvenience to the witnesses, is not without merit.  The need for

in-person testimony is reduced because this case will be tried to the court, rather than a

jury.[17]  But, given that all of the witnesses, except for plaintiff, reside in California, it would

likely be more convenient for the witnesses if this matter were litigated in California. This

factor weighs in favor of transferring.

_____

[15]United States' Reply in Support of Motion to Transfer at 2, n.2, Docket No. 15.

[16]Declaration of Major Stefan R. Wolfe, US Army at 1-4, ¶¶ 1, 4, Exhibit A, United
States Motion to Transfer Case, Docket No. 11.  A party moving for transfer for the
convenience of the witnesses "must demonstrate, through affidavits or declarations
containing admissible evidence, who the key witnesses will be and what their testimony
will generally include."  Adoma v. Univ. of Phoenix, Inc., 711 F. Supp. 2d 1142, 1151 (E.D.
Cal. 2010).   Contrary to plaintiff's contention, Wolfe's affidavit meets this standard.

[17]Because this is a FTCA case, the fact finder will be the court, not a jury.  28 U.S.C.
§ 2402.

State most familiar with governing law.  This factor weighs in favor of transferring this case because a federal district court in the Eastern District of California would be more familiar with California law, which governs plaintiff's claims, than this court.  Contrary to plaintiff's contention, there are differences between California and Arizona tort law, even though both jurisdictions follow the Restatement (Second) on Torts.

Plaintiff's choice of forum.  This factor weighs against transfer since plaintiff has chosen to bring his case in Arizona.   "However, 'the degree to which courts defer to the plaintiff's chosen venue is substantially reduced when the plaintiff's choice is not its residence or where the forum lacks a significant connection to the activities alleged in the complaint.'"  Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006) (quoting Carolina Cas. Co. v. Data Broadcasting Corp., 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) (emphasis added)).  Here, the only connection to Arizona is it is where plaintiff resides.  None of the acts complained of in plaintiff's complaint took place in Arizona and plaintiff did not live in Arizona when those acts occurred.  Thus, little deference will be given to plaintiff's choice of an Arizona forum.

Parties' contact with the forum.  This factor weighs in favor of a transfer because all of the acts complained of took place in California.  In addition, plaintiff lived in California when the acts in question occurred, although he now resides in Arizona.

Differences in cost in litigating in the two forums.  It could be more expensive to

litigate this case in Arizona if it goes to trial and witnesses have to travel to Arizona to testify. But, as plaintiff suggests, this additional cost could be eliminated if witnesses were to testify via video conferencing. On the other hand, if the case is tried in California, plaintiff will incur more costs because he and perhaps his Arizona counsel will have to travel to California for trial. This factor marginally weighs in favor of not transferring the case because, as plaintiff points out, defendant is in a better position to bear any additional financial costs associated with litigating this case.

Ease of access to sources of proof. Although the parties do not address this factor, the court assumes that most, if not all, of the evidence is in California since the acts complained of took place in California. This factor weighs in favor of transferring.

Compulsory process for non-party witnesses. The Tracy police officers, who are non-party witnesses, are outside of this court's 100-mile limit for compelling attendance of witnesses at depositions and trial. See Fed. R. Civ. P. 45(c)(1)(A) ("A subpoena may command a person to attend a trial, hearing, or deposition ... within 100 miles of where the person resides, is employed, or regularly transacts business in person"). This factor weighs in favor of transferring.

Court congestion. Defendant contends that the District of Arizona is more congested than the Eastern District of California. Plaintiff contends the opposite is true. But even if defendant's contentions are correct, this factor weighs against transfer because

-8-

the case has been assigned to the undersigned, whose case load would allow for a speedy resolution of plaintiff's claims.

Local interest.  This factor weighs in favor of transfer because California has some local interest in having litigation involving employees at a California military base and a California police department decided by a California court.  As plaintiff points out, the military base in question is a federal military base; but, it also appears that a local police department may be involved.

Balancing.  "As deference accorded to a [p]laintiff's choice of forum decreases, a defendant's burden to upset the plaintiff's choice of forum also decreases."  AV Media, Pte, Ltd. v. OmniMount Systems, Inc. Case No. C 06-3805 JSW, 2006 WL 2850054, at *3 (N.D. Cal. Oct. 5, 2006).  Defendant has met its burden in this case.  Plaintiff will be inconvenienced if the case is transferred and it may be more expensive for plaintiff if this case is tried in California.  But  these factors do not outweigh the factors that favor a transfer.  A California forum will be more convenient for both non-party and party witnesses.  A California forum will also  allow easier access to proof, allow a court more familiar with California law to decide the case, and allow a California court to decide what is, to some degree, a local matter.  Litigating this case in California will also avoid any problems with compulsory process. The only connection that this case has to Arizona is that plaintiff happened to move there sometime after the events upon which his claims are

based occurred.  But because those events took place in California while plaintiff was living in California, the witnesses and evidence are in California and plaintiff's claims are governed by California law.  In short, this is a California case and it should be litigated there.

Conclusion

Defendant's motion to transfer is granted.[18]

DATED at Anchorage, Alaska, this _6th_ day of December, 2013.

/s/ H. Russel Holland
United States District Judge

---

[18]Docket No. 11.